UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE HARRIS,

    Plaintiff,

v.                                                           Case No. 6:19-cv-01144-JWB-GEB

WALMART INC.,

    Defendant.

## MOTION TO STRIKE
## DEFENDANT'S IDENTIFICATION OF COMPARATIVE FAULT

COMES NOW plaintiff Stephanie Harris, by and through her counsel of record, and motions the Court to strike Defendant's Amended Comparative Fault Designation. In support of this motion, the following is stated and alleged:

### I. Introduction

This is a premises liability negligence case. The plaintiff, Stephanie Harris, alleges the defendant, Walmart Inc. (hereinafter Walmart), was negligent in creating a hazardous condition, which they failed to remedy or warn their business visitors. As a result of defendant's alleged negligence, plaintiff sustained serious bodily injury on September 16, 2017. Plaintiff contends defendant's mode of operation was to put dry mops against exterior emergency exit doors to prevent rainwater from entering. Defendant is attempting to compare fault to a door company they contracted with to inspect their facility over multiple years prior to the injury incident that is the subject matter of the pending litigation. This case is now before the Court on plaintiff's Motion to Strike Defendant's Identification of Comparative Fault.

II.  Background

Plaintiff commenced litigation against defendant by filing her Complaint on May 31, 2019 (ECF No. 1) and obtained service upon defendant on June 18, 2019 (ECF No. 3). Opposing counsel entered their appearances and obtained a Clerk's Order Extending Time to Answer or Otherwise Plead on June 26, 2019 (ECF No. 7).

On July 11, 2019, in defendant's Affirmative Defenses section of its Answer, defendant states, "Plaintiff's damages, if any, were caused in whole or in part by the comparative fault of others, for whose fault Walmart is not responsible." (ECF No. 9, pg. 4, no. 15).

On September 10, 2019, defendant submitted its Rule 26(a)(1) Disclosures.  Section B of the disclosures requires, "A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  The two-year statute of limitations ran on September 16, 2019.

On September 23, 2019, after conferring with the parties' attorneys, U.S. Magistrate Judge, Gwynne E. Birzer, entered a scheduling order (ECF No. 18).  In pertinent part, the scheduling order required "any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of K.S.A. 60-258a" by September 30, 2019. *Id*. at 4.a.  The scheduling order also required any motions to amend the pleadings be filed by October 28, 2019.  *Id.* at 3.b.  Defendant filed their Comparative Fault Designation on September 30, 2019 (ECF No. 19); stating, "Defendant Walmart states that, pursuant to K.S.A. § 60-258a, it may compare fault with Plaintiff, Stephanie Harris, at the trial of this matter."

This date was not amended in the Revised Scheduling Order on November 15, 2019 (ECF No. 28). Therefore, "All other deadlines, guidelines and agreements included in the original Scheduling Order (ECF No. 18) are incorporated herein." (ECF No. 28, pg. 2). The discovery cutoff date is April 3, 2020. (ECF No. 28, pg. 2).

On April 1, 2020, defendant filed Defendant's Amended Comparative Fault Designation (ECF No. 51). In Defendant's Amended Comparative Fault Designation, defendant states, "During discovery in this matter, facts were discovered giving rise to potential comparative fault of nonparty D.H. Pace Company, Inc. relating to its inspection of the doors involved in plaintiff's incident prior to Plaintiff's incident." *Id*. As such, defendant intends to compare fault with nonparty D.H. Pace Company, Inc. at the trial of this matter.

### III.  Analysis and Discussion

In defendant's recently filed amended comparative fault designations, Walmart alleges that any fault assigned to them should be compared with the non-party D.H. Pace Company, Inc. accordingly. These designations do not comply with the language of the scheduling order.

Plaintiff sought this type of information through written discovery on October 1, 2019. (Ex. A). In Plaintiff's First Request for Admissions, plaintiff inquired, "Do you admit that all negligent parties in this matter are currently named in the lawsuit?" For which defendant replied, "Walmart objects to this Request because it is misleading and assumes some party was in fact negligent. A jury could determine no parties were negligent. Walmart admits it is not currently aware of other potentially negligent parties outside of plaintiff and Walmart." (Ex. B, pg. 2, no. 7).

Plaintiff's First Request for Production of Documents requested, "All documentation that in any way pertains to or supports the claims of comparative fault asserted by the Defendant."

(Ex. C, pg. 3, no. 9). Plaintiff also requested the following, "A copy of each and every record or document in the possession, custody or control of defendant that is in any way related to the subject incident that has not been produced in response to any of the above requests." (Ex. C, pg. 10, no. 30).

Plaintiff sought a more thorough response in her interrogatories when she propounded the following question, "Describe in detail each act or omission on the part of plaintiff or any other person you contend constituted negligence that was a contributing cause of the incident, which is the subject matter of this lawsuit. Identify in your response all documents, which support your claim and produce these documents pursuant to Plaintiff's Request for Production of Documents." For which defendant replied, "At this time, Walmart believes plaintiff may have failed to keep a proper lookout for her own safety. Walmart further believes this incident may have been caused by a significant thunderstorm." (Ex. D, pg. 4, no. 8).

In Plaintiff's Second Amended Notice of Rule 30(b)(6) Deposition Duces Tecum of Defendant's Corporate Representative (Ex. E), Gail Thompson was told to bring all maintenance records concerning the exterior door for the five years preceding the injury incident that is the subject matter of this litigation with her to her deposition on January 13, 2020. This maintenance record was marked as Exhibit 4 in Ms. Thompson's deposition (Ex. F). This record indicates that the D.H. Pace Company, Inc. inspected the exterior doors in question on or about May 23, 2016, and May 25, 2017. (Ex. F, pg. 4). Plaintiff first learned of the existence of D.H. Pace Company, Inc. as a result of the Rule 30(b)(6) deposition of Gail Thompson that occurred on January 13, 2020. (Ex. G, pg. 14, lines 13-17). Plaintiff learned that this company contracts with numerous Walmart stores. (Ex. G. pg. 14, lines 20-21). Defendant knew or should have known prior to the Comparative Fault deadline on September 30, 2019, whether or not they

intended to compare fault with a door company they have worked with for numerous years. Instead, defendant amended their comparative fault designation 193 days past the comparative fault deadline; two days prior to the discovery cutoff date of April 3, 2020.

Subject to the requirements of Fed. R. Civ. P. 26(e), defendant "must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Pursuant to Fed. R. Civ. P. 37(c), defendant "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiff anticipates that defendant will try to rely on paragraph two of Defendant's Comparative Fault Designation (ECF No. 19); which states, "Discovery may reveal others that have some responsibility for the incident in this case and Plaintiff's alleged damages. Accordingly, defendant reserves the right to amend and/or supplement this designation at a later time." First off, the "right" to amend or supplement is only given by the Court and the Federal Rules of Civil Procedure—it cannot be created by a party's chosen words in a court filing. Second, "discovery may reveal" is not relevant to the facts at hand. Defendant knew or should have known to put plaintiff on notice well in advance that they intended to present a defense in the nature of an avoidance. Defendant was party to an agreement with non-party D.H. Pace Company, Inc. for multiple years prior to the injury causing incident that is the subject matter of this litigation.

If defendant is allowed to name an additional at fault party and compare their negligence two days before the close of discovery, plaintiff will be substantially prejudiced. For one,

plaintiff will be unable to conduct discovery on the topic of D.H. Pace's negligence or lack thereof.  Secondly, plaintiff has invested substantial time and expense in prosecuting her case thus far.  All of that work will need to be recompleted—depositions will need to be retaken to ask questions related to D.H. Pace's negligence or lack thereof; written discovery will need to be reissued to address the same; subpoenas will need to be issued.

Plaintiff contends that the defendant is locked-in to its timely plead comparative fault designation and should not be allowed to add an empty chair to the courtroom out of time.  For these reasons, plaintiff contends it is only appropriate that defendant not be given leave to amend its comparative fault designation.  Defendant's Amended Comparative Fault Designation fails to give plaintiff proper notice to this affirmative defense which will cause undue delay and unduly prejudices plaintiff.

WHEREFORE, plaintiff requests this Court grant plaintiff's Motion and Strike Defendant's Amended Comparative Fault Designation (ECF No. 51).

Respectfully submitted,

DeVaughn James Injury Lawyers

By: /s/ *Brendan P. Lykins*
Brendan P. Lykins, #26098
Dustin L. DeVaughn, #16559
3241 N. Toben
Wichita, KS 67226
[P] 316-977-9999
 [F] 316-425-0414
Email:  blykins@devaughnjames.com
Email:  ddevaughn@devaughnjames.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 2, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sean Walsh #25052
Mitchell L. Herren #20507
Hinkle Law Firm LLC
swalsh@hinklaw.com
mherren@hinklaw.com
1617 N. Waterfront Pkwy, #500
Wichita, Kansas 67206
Tel. (316) 660-6208
Fax. (316) 630-8466

By: /s/ *Brendan P. Lykins*
Brendan P. Lykins, #26098
Attorneys for Plaintiff