## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **STEPHANIE HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-1144-EFM-GEB** |
| | ) | |
| **WALMART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion to strike Defendant's comparative fault designation **(ECF No. 52)** and Defendant's motion for leave to file its amended comparative fault designation out of time **(ECF No. 55).** After careful consideration of the parties' arguments and for the reasons set forth below, the undersigned U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS**[1] that Plaintiff's motion to strike **(ECF No. 52)** be **GRANTED** and Defendant's motion for leave **(ECF No. 55) be DENIED**.

---

[1] As explained herein, the Court finds that Defendant's request to amend its comparative fault designation out of time should be denied. Because the denial of leave to compare fault has the same effect as an order dismissing a defense, this ruling is a dispositive ruling. Therefore, the undersigned must issue a report and recommendation to the district judge. *See* 28 U.S.C. § 636(b)(1)(B); D. Kan. Rule 72.1.1(d). *See also Cuiksa v. Hallmark Hall of Fame Prods., Inc*., No. 00-1389-JAR, 2004 WL 303553, at *1 (D. Kan. Jan. 26, 2004) (finding the "magistrate judge's order has the same effect as an order dismissing a defense, [so] the Court concludes that the magistrate judge's decision denying leave to compare the fault . . . in the final pretrial order was a dispositive ruling." Chief District Judge Julie A. Robinson treated Magistrate Judge Karen M. Humphreys' order as a Report and Recommendation, which Judge Robinson reviewed de novo.)

## I.    Factual and Procedural Background[2]

Plaintiff Stephanie Harris filed this premises liability and personal injury claim as a diversity action under 28 U.S.C. §1332 on May 31, 2019.  She claims she suffered a slip and fall while in a Walmart store in Independence, Kansas on September 16, 2017.  Plaintiff alleges she slipped in a large puddle of water on the floor, leaking from an exterior door, which resulted in significant injuries.  She seeks past and future medical expenses, lost wages, and other non-economic damages.

Defendant Walmart, Inc. denies all allegations of negligence in the maintenance and operation of its store and takes issue with the nature and extent of Plaintiff's damages.  In its Answer, Defendant asserts the affirmative defense of the comparative fault of not only Plaintiff, but of "others, for whose fault Walmart is not responsible."  (ECF No. 9 at ¶15.)

The undersigned entered a Scheduling Order on September 23, 2019 (ECF No. 18), generally following the deadlines suggested by the parties in their Planning Report. (Planning Report maintained in Chambers file.)  As required by that schedule, Defendant filed a Designation of Comparative Fault on the deadline of September 30, 2019, stating it "may compare fault with Plaintiff," but noting "[d]iscovery may reveal others that have some responsibility for the incident . . . [and] reserving the right to amend and/or supplement this designation at a later time." (ECF No. 19.)  Although the schedule was later revised at the parties' request, the deadline to compare fault had passed and no

---

[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), the Answer (ECF No. 9) and from the briefing surrounding the pending motions (ECF Nos. 52, 54, 55, 56). This background information should not be construed as judicial findings or factual determinations.

extensions to that deadline were requested. (*See* Revised Scheduling Order, ECF No. 28.) The discovery deadline was extended to April 3, 2020, with a pretrial conference scheduled for April 24, 2020.

This case largely progressed without dispute, until Defendant filed its Amended Comparative Fault Designation 184 days past the September 30, 2019 deadline on April 1, 2020. (ECF No. 51.) Although the amendment was out of time, Defendant did not seek leave prior to its filing. In its amended designation, Defendant outlines its plan to compare fault with not only Plaintiff, but also with nonparty D.H. Pace Company, Inc. ("D.H. Pace") relating to its inspection of the door involved in Plaintiff's incident. (*Id.*) The next day, Plaintiff filed a motion to strike the designation (ECF No. 52), and two weeks later, Defendant filed its response and motion for leave to permit the designation out of time (ECF No. 55).[3] Soon thereafter, the parties submitted their proposed pretrial order to the undersigned, which contained not only the comparative fault issue but several objections related to Plaintiff's statement of damages.

During its regularly-scheduled pretrial conference on April 24, 2020, the Court scheduled oral argument on the pending motions and continued the pretrial conference to the same date. (Order, ECF No. 58.) On April 29, 2020, the Court convened the oral

---

[3] Defendant's Motion for Leave to Allow Walmart's Amended Comparative Fault Designation Out of Time was also jointly entitled its Response to Plaintiff's Motion to Strike. Therefore, the document was filed twice by the clerk's office in order to account for both the Motion and Response natures of the document. For this reason, ECF Nos. 54 and 55 reference the same document, and any references to either document number in this opinion are interchangeable.

arguments.[4]  Plaintiff appeared through counsel, Brendan Lykins. Defendant appeared through counsel, Sean Walsh.  Having reviewed the parties' briefing in its entirety and considered the oral arguments of counsel, the Court is now prepared to rule on the comparative fault issue and to enter a Pretrial Order.

## II.    Pending Motions

As noted, there are currently two motions pending before the Court related to the same issue:  Plaintiff's motion to strike Defendant's comparative fault designation (ECF No. 52) and Defendant's motion for leave to permit its comparative fault designation out of time (ECF No. 55).  Because the motions address the same issue, they are analyzed together.

### A.    Arguments of the Parties

Despite the timing of its amended designation, Defendant contends it has consistently maintained, as an affirmative defense, the comparative fault of others. Specifically, it pleaded in its Answer, "Plaintiff's damages, if any, were caused in whole or in part by the comparative fault of others, for whose fault Walmart is not responsible." (Answer, ECF No. 9 at ¶ 15).  When it filed its original Designation on September 30, 2019, it compared only the fault of Plaintiff based upon the information available to it at the time.  Due to the size of the company and number of contractors throughout, Walmart maintains it simply did not know about D.H. Pace's involvement with the subject door.  It was not until later in discovery—on or about January 9, 2020 during preparations for its

---

[4] Oral arguments took place on April 29, 2020 by Zoom videoconference with a court reporter present.  If any party wishes to obtain a transcript from the arguments, they may contact chambers at ksd_Birzer_chambers@ksd.uscourts.gov.

corporate representative's deposition—when it discovered information related to D.H. Pace's evaluation of the exterior door. Defendant maintains it provided the newly-discovered information to Plaintiff within four days of locating the information itself, on January 13, 2020 during the deposition. Although the filing of the amended designation was late, Defendant contends this is a "form over substance" concern, because Plaintiff had access to the same information shortly after Defendant did, and both Defendant's Answer and its original designation noted the potential of others' fault being compared later.

Defendant argues Plaintiff is no more harmed by the designation of D.H. Pace now than she would have been if Defendant had designated by the September 30 deadline. Plaintiff's statute of limitations on this claim expired September 16, 2019, so even if Defendant had been able to compare fault with D.H. Pace on September 30, Plaintiff still would not have been able to add D.H. Pace as a party. Defendant contends Plaintiff conducted some discovery related to D. H. Pace during the January depositions, and Defendant does not oppose the extension of discovery in the event Plaintiff wishes to conduct more discovery. Finally, Defendant maintains it is its right under Kansas law, K.S.A. § 60-258a, to compare fault to any other potentially responsible party, and to disallow the designation—even if late—is contrary to law and usurps the role of the jury. (*See, generally*, ECF No. 55.)

Plaintiff argues she asked for comparative fault information in written discovery as early as October 1, 2019. Walmart responded, at that time, it was not "currently aware of other potentially negligent parties outside Plaintiff and Walmart." (ECF No. 52-2, Ex. B at 2.) Defendant's other responses to written discovery mirror this—that it was unaware of

other fault to compare aside from Plaintiff or a thunderstorm. (ECF No. 52-3, Ex. C; and 52-4, Ex. D at 4.)  Plaintiff relies on Defendant's duty to supplement under Fed. R. Civ. P. 26(e) and on the prohibition under Rule 37(c) which does not allow a party to use information which was not properly supplemented at trial "unless the failure was substantially justified or is harmless."  Plaintiff contends the failure was not justified, because Defendant was a party to an agreement with D.H. Pace for multiple years prior to Plaintiff's injury, so Defendant knew or should have known to put her on notice of its avoidance defense.  Plaintiff argues she will be substantially prejudiced if Defendant is allowed to compare the fault of this nonparty at this late date, for two primary reasons:  1) she will be unable to conduct any discovery about this company, and 2) she has already spent time and money preparing the theory of her case based solely on Walmart's negligence.  To add another potentially responsible entity (party or not), she will have to recomplete other discovery—written discovery, depositions and subpoenas—to address D.H. Pace's potential negligence.  Although Plaintiff acknowledges Defendant's right under Kansas law to compare the fault of others, she also argues the deadline to do so is long past and Defendant has not demonstrated excusable neglect for its failure to do so sooner.

## B.     Legal Standards

Scant authority exists in the District of Kansas regarding the late filing of a comparative fault designation.  The cases which have addressed the issue apply different—albeit related—standards.

For example, in the 2004 case of *Cuiksa v. Hallmark Hall of Fame Prods., Inc.*,[5] the court utilized the Fed. R. Civ. P. 15 standard applicable to amending a pleading. Citing Rule 15, the court articulated as follows:

> The court shall freely give plaintiff leave to amend when justice so requires. Motions to amend are matters of discretion for the trial court. A refusal to grant leave to amend needs to be justified by factors such as futility, undue delay, undue prejudice to the nonmoving party, or bad faith of the moving party. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.

> In the Tenth Circuit, a district court may deny leave to amend for untimeliness or undue delay without a showing to prejudice to the opposing party. The Tenth Circuit has often found untimeliness alone a sufficient reason to deny leave to amend. A district court evaluates the reasons for the delay and assesses whether they amount to excusable neglect. Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay. A district court "may deny leave if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.[6]

In the 2006 case of *Wheeler v. Numark Indus. Co., Inc.*,[7] the court did not articulate a specific standard under which it addressed the late designation. But the opinion focused on the potential prejudice to plaintiff as the nonmoving party, and how long plaintiff had been on notice that defendant may compare the fault of other nonparties.[8]

---

[5] *Cuiksa v. Hallmark Hall of Fame Prods., Inc.*, No. 00-1389-JAR, 2004 WL 303553 (D. Kan. Jan. 26, 2004).

[6] *Id.* at *2 (citing *Cuenca v. University of Kansas*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002); *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotes and other internal citations omitted for brevity).

[7] *Wheeler v. Numark Indus. Co., Inc.*, 2006 WL 763664, No. 02-2444-CM (D. Kan. March 24, 2006).

[8] *Id.* at *6.

But in the 2009 case of *First Magnus Fin. Corp. v. Star Equity Funding, LLC*,[9] the court explicitly rejected the Rule 15 standard and applied the Rule 6 standard for excusable neglect:

> The court initially notes that plaintiff incorrectly seeks to apply the standard for granting a motion to amend the pleadings under Fed. R. Civ. P. 15(a). The correct standard is whether defendants have established their failure to act was because of excusable neglect. Specifically, Fed. R. Civ. P. 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether neglect is "excusable," in addition to all other relevant circumstances surrounding a party's omission, the following specific factors must be considered: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on the proceedings; (3) the reason for the delay, including whether it was under the control of the movant; and (4) whether the movant acted in good faith.[10]

On review of these cases, it is evident that regardless of which standard is applied, the factors addressed in each overlap. In fact, the timeliness element of Rule 15, as applied in *Cuiksa*, includes an excusable neglect standard. And, in Plaintiff's Reply and during oral arguments, counsel confirmed the parties agree the appropriate standard is the "excusable neglect" standard. Therefore, in addition to all other relevant circumstances surrounding the late designation, the Court considers the following factors: (1) the danger of prejudice to Plaintiff; (2) the length of Defendant's delay and its impact on the proceedings; (3) the reason for Defendant's delay, including whether it was under Defendant's control; and (4) whether Defendant acted in good faith.[11]

---

[9] *First Magnus Fin. Corp. v. Star Equity Funding, LLC*, No. 06-2426-EFM, 2009 WL 10688188, (D. Kan. Feb. 18, 2009).
[10] *Id.* at *2 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).
[11] *Id.*.

### C.    Discussion

Applying the excusable neglect standard to the facts of this case, the Court addresses each factor in turn.

#### 1.    Prejudice to Plaintiff

Plaintiff maintains because Defendant amended its designation only three days before the close of discovery, she will be significantly prejudiced if Defendant is allowed to compare fault with D.H. Pace at trial.  Even if additional discovery is permitted, Plaintiff contends she has already spent considerable time and money prosecuting her case, and now would have to repeat her work to address D.H. Pace's involvement, including written discovery, depositions, subpoenas and potential expert discovery.

Defendant rejects this contention and argues Plaintiff will not actually suffer prejudice because she has known Walmart intended to compare fault throughout this case, and she knew about the identify of D.H. Pace for almost three months before discovery closed.   Because the statute of limitations expired before the designation deadline, Defendant in no way impacted Plaintiff's ability to recover from D.H. Pace.  Additionally, and at argument, defense counsel maintained because Plaintiff has no claim against D.H. Pace, Plaintiff would necessarily pursue her case solely against Walmart, so it does not appear Plaintiff would need to conduct any significant additional discovery.  And, because in this case no trial setting was established before the pretrial conference, Defendant argues the proceeding is not truly impacted by any extension of the discovery deadline.

After thorough consideration, the Court finds this factor weighs in Plaintiff's favor. Despite Defendant's belief about how Plaintiff might pursue her case, the Court finds she

will be prejudiced by having to shift strategies at the eleventh hour to permit Walmart to point to an empty chair at trial, and she would incur additional discovery expense. Although there was no trial date established prior to the pretrial order, this Court practice should not, and does not, lend credence to untimely adherence to the Scheduling Order.

Whether or not a trial date was established, the pursuit of Plaintiff's case would be postponed by an additional discovery period. The setting of discovery deadlines serves the purpose of ensuring there is finality to litigation.[12] There is no doubt Plaintiff will incur delay accompanied by additional expense and effort as a result of Defendant's late designation.

## 2.     Length of Delay and Impact on the Proceedings

Plaintiff argues Defendant's delay is significant because its amended designation was filed six months[13] after it was due on September 30. Not only is the delay significant, but it will impact the proceeding because discovery must be reopened as described above. In response, Defendant contends it shared the information with Plaintiff as soon as it located the information itself. It again maintains there is no trial setting and Defendant does not oppose additional discovery. As a result, Defendant argues Plaintiff will have time to develop additional trial strategies and the true impact on the proceedings is minimal.

---

[12] *See, e.g.*, *Cuiksa*, 2004 WL 303553 at *2 (citing *Cuenca*, 205 F. Supp. 2d at 1228; citing *Pallottino*, 31 F.3d at 1027) (noting "'Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses,' but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'")

[13] Plaintiff argues Defendant's delay was 193 days. (*See, e.g.*, ECF No. 52 at 5.) By this Court's calculations, the delay was 184 days. Regardless, there is no question the amended designation was filed just over six months late.

Even if Defendant had filed its late designation in January, rather than waiting until April, Defendant contends the parties would be in the same positions as they are now.

This Court agrees with Plaintiff that Defendant's six-month delay in filing its amended designation is significant, and this factor weighs in favor of Plaintiff. Even if Defendant first discovered the information involving D.H. Pace in January, it could have split the delay in half if it had sought amendment of its designation immediately. The reason behind comparing fault as early as possible is to allow all parties to approach trial on an even playing field—not to force a shift in strategy at the last minute. This last-minute change forces a nonmoving party to engage in a "Sophie's choice" between sticking with a potentially inefficient trial strategy or shifting gears to incur additional delay and expense as a result of Defendant's own delay. The deadlines established in the scheduling order— while open to modification for good cause—are set for good reason, and subject to change only in the Court's discretion.[14]

### 3.    Reason for Delay

Although the Court finds the first two factors weigh in Plaintiff's favor, the reason for Defendant's delay is a closer call. Plaintiff argues Walmart's claimed reasoning is inexcusable, because Walmart and D.H. Pace had a contractual relationship and Defendant should have engaged in discovery regarding this specific door. It was entirely foreseeable for Walmart to have located the door inspection logs, had it diligently pursued discovery. Defendant vehemently disagrees, noting Walmart is a global company with "innumerable

---

[14] *MW Builders, Inc. v. Fire Prot. Grp., Inc.*, No. 16-2340-JAR, 2017 WL 3994884, at *2 (D. Kan. Sept. 7, 2017) ("Ultimately, whether to modify the scheduling order lies within the court's sound discretion.") (citing *Paris v. Sw. Bell Tel. Co.*, 94 Fed. Appx. 810, 816 (10th Cir. 2004)).

suppliers and contractors." Defendant claims there is no universal knowledge within Walmart regarding whether a specific contractor would have been involved with the subject door. Defendant claims it did not idly sit on its hands, but innocently discovered the information after Plaintiff sought maintenance records as part of its Rule 30(b)(6) notice to Defendant. Because D.H. Pace had last inspected the subject door almost four months before Plaintiff's injury and the records of the inspection were not concurrent with Plaintiff's fall, D.H. Pace's involvement was simply not known until Walmart was preparing for the corporate deposition in January. Again, Defendant contends it immediately provided the information after it was discovered.

Although this is a close call, the Court finds Defendant at fault for the delay. The central issue in this case appears to be rainwater potentially leaking under an exterior door. It is reasonable to expect Walmart to have identified—early in discovery—any entities or individuals involved with the subject door. Even if counsel was unaware, Defendant should have known. But even if the Court accepts Walmart's explanation that, due to the size of its operations, it may not have recognized the potential for D.H. Pace's involvement, Defendant should have immediately sought to amend its designation of fault in January. The only explanation the Court can see for this three-month delay was the unfortunate illness of defense counsel's young son following the January depositions. (*See* Def.'s Resp., ECF No. 55 at 7.).

Although the Court can certainly appreciate this situation and sympathizes with lead defense counsel for the delay—there were two other attorneys from the same firm entered in the case. Defendant delayed for three months during which vital discovery by Plaintiff

could have occurred.  Although Defendant contends this is a "form over substance" concern, claiming Plaintiff should have known it would compare fault with D.H. Pace due to the records produced at deposition, the Court agrees with Plaintiff that the maintenance record does not necessarily point Plaintiff to the potential fault of D.H. Pace.  The record on which Defendant relies consists of a three-line spreadsheet that identifies not only D.H. Pace, but an additional business which also inspected the exterior doors. (ECF No. 52-6, Ex. F.)

Defendant was, in effect, talking out of both sides of its mouth for the duration of the case—while leaving the door open to others, it clearly noted only the possibilities of Plaintiff and a thunderstorm to blame until three days before discovery was to expire. Ultimately, the burden lies with Defendant to designate fault—not for Plaintiff to assume it will do so or assume with whom Walmart plans to compare fault.  For the above reasons, this factor also narrowly weighs in Plaintiff's favor.

### 4.    Good Faith

Plaintiff argues Walmart knew before and after Plaintiff's fall this particular exterior door was faulty, yet still waited to amend its comparative fault designation until the close of discovery.  Plaintiff contends this delay and failure to pursue discovery constitutes bad faith.  Defendant responds it has acted in good faith by putting Plaintiff on notice of its affirmative defenses since the beginning of the case; by producing a corporate representative for deposition to testify about the door; and then notifying Plaintiff as soon as it knew about D.H. Pace's role in the door's inspection.  Because the designation was

further delayed by counsel's personal circumstances, these facts together constitute good faith.

Although Defendant should have designated sooner, the Court finds this lack of action does not rise to the level of bad faith. Bad faith is generally defined as "dishonesty of belief, purpose, or motive."[15] While the Court finds Defendant's delay to be neither justified nor harmless under these facts, the Court does not find reason to believe Defendant acted in a dishonest manner.

### 5.    Other Considerations

Although most relevant circumstances have been discussed above, other arguments by the parties are worth noting. Both parties rely on the three prior District of Kansas cases to support their arguments, although the Court finds none are entirely persuasive on the unique on facts of each. For instance, during oral argument Plaintiff cited to *Cuiksa* to support her argument that untimeliness alone is sufficient to deny the amendment.[16] But Defendant attempts to distinguish *Cuiksa* by arguing in that personal injury case, the nonparty whom defendant sought to designate late was plaintiff's employer for whom he was working on the day of the accident. Therefore, both parties in that case were aware of the nonparty's involvement from the beginning of the case.[17] Here, Defendant contends it had no evidence to demonstrate D.H. Pace was involved until January. And, in *Cuiksa*,

---

[15] "Bad Faith," Black's Law Dictionary (11th ed. 2019).

[16] *See Cuiksa*, 2004 WL 303553, at *2 (noting the "Tenth Circuit has often 'found untimeliness alone a sufficient reason to deny leave to amend.'") (citing *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (other citations omitted).

[17] *See id*. at *1.

Defendant contends the defendant failed to designate until the pretrial conference,[18] where here Walmart filed its amended designation prior to the close of discovery.

But this Court finds *Cuiksa* to be less distinguishable than Defendant hopes, and finds it tends to support Plaintiff's position.  Although the parties in *Cuiksa* obviously were aware of the potential involvement of the employer, here the Court finds Walmart should have been aware of the involvement of the door inspection company.   Additionally, Defendant splits hairs by suggesting its designation three days prior to the close of discovery and two weeks before the proposed pretrial order was due is any less egregious than comparing fault at the pretrial conference.

Defendant also cites *Wheeler*, where the defendant was permitted to designate fault eight months after the deadline to do so.[19]  But in *Wheeler*, a products liability case, there was a discrepancy over whether the late-designating defendant was a manufacturer or distributor of the chair that injured plaintiff.  Although the co-defendants served discovery on one another in an attempt to clarify the identity of the chair's manufacturer, the plaintiff served no discovery on this defendant until two months prior to the pretrial conference. Because the identity of the nonparty was not discovered until plaintiff commenced its belated discovery, the court found plaintiff equally at fault for failing to attempt to identify the manufacturer, and permitted defendant to designate the comparative fault of a nonparty out of time.[20]   Here, Plaintiff asked Defendant during written discovery to support its

---

[18]  *Id*. at *2 ("Defendants proposed that the final pretrial order contain language that the fault of plaintiff's supervisor, Kelly Brown, and D & D Rental should be compared to defendants' fault.")
[19] *See Wheeler*, 2006 WL 763664, at *2.
[20] *Id*. at *2, 4-5.

comparative fault contentions and was specifically told by Defendant on more than one occasion it planned to compare the fault of only Plaintiff and a thunderstorm. (*See* ECF No. 52-4, Ex. D at 4-5.)  Defendant never supplemented those responses, despite its duty to do so.  Plaintiff had no reason to suspect any differently until at least January 2020, and even then, Defendant failed to amend its designation until discovery was closed.

Defendant also presents an argument similar to one advanced in both *Wheeler* and *Cuiksa*—that Kansas substantive law, K.S.A. § 60-258a, *requires* that it be entitled to compare fault with any person or entity involved in an occurrence. (ECF No. 55 at 5.)  In *Wheeler*, the court agreed.[21]  But this Court takes the same position as the court in *Cuiksa* and "rejects defendant's suggestion that [it is] entitled to compare the fault of any party at the time of trial regardless of their discovery responses"[22] and regardless of the timing of the designation.  To permit this late designation would be to ignore the scheduling order and the underlying purpose of the early designation deadline.

### D.     Recommendation

For the reasons described above, the Court finds that three of the four factors weigh against a finding of excusable neglect.  An insurmountable prejudice would be forced upon Plaintiff if Defendant is allowed to compare fault to a nonparty at this late stage of the case. Therefore, it is this Court's **RECOMMENDATION** that Defendant's motion (ECF No. 55) be **DENIED** and Plaintiff's motion be **GRANTED**, and Defendant not be permitted to compare fault with D.H. Pace.

---

[21] *Wheeler*, 2006 WL 763664, at *5-6.
[22] *Cuiksa*, 2004 WL 303553, at *3.

### III.    Pretrial Order

A brief note regarding the parties' pretrial order disputes is prudent. Aside from the notations concerning the comparative fault issue, the only other disputes are regarding Plaintiff's computation of damages.  Defendant objects to Plaintiff's damages as stated in the parties' proposed pretrial order, generally objecting because the damages claimed are "unsupported by the evidence" in the case.[23]  With regard to Plaintiff's claimed past and future lost wages, Defendant claims the amounts requested by Plaintiff are contrary to her own expert report.

After discussion during the pretrial conference, the Court announced it would note Defendant's objections in the pretrial order but Plaintiff's damages would remain as claimed.  The District of Kansas pretrial order form requires a party to "briefly explain the statutory and other basis" for any damages included in the order.[24]  This does not require Plaintiff to come forward with evidence in support of each contention.  As with any pleading, there exists a good-faith requirement that a party is not asserting something frivolous, but Plaintiff is not required to lay out all her cards at this juncture. Defendant will have the opportunity at trial to refute her calculations, so there is no prejudice to Defendant by leaving them as claimed and noting Defendant's objection for the record. During the pretrial conference, the undersigned was not convinced Plaintiff's damages as stated were frivolous on the face of the order.

---

[23] The parties' proposed pretrial order was jointly submitted by counsel on April 17, 2020 and is maintained in the chambers file.
[24] The District Pretrial Order form and Pretrial Order Instructions are available at http://ksd.uscourts.gov/index.php/forms/?open=AttorneyForms.

Therefore, the Pretrial Order is filed simultaneously with this Recommendation, and will control the course of the remainder of this case.

## IV.    Conclusion

For the reasons outlined above, **IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Identification of Comparative Fault **(ECF No. 52)** be **GRANTED**.

For the same reasons, **IT IS FURTHER RECOMMENDED** that Defendant's Motion for Leave to Allow Walmart Inc.'s Amended Comparative Fault Designation Out of Time **(ECF No. 55)** be **DENIED.**

**IT IS FURTHER ORDERED** that this Report and Recommendation be served on the parties electronically through the Court's CM/ECF system.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), either party may file a written objection to the proposed recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[25]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 11th day of May, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[25] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).