IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE HARRIS,

    *Plaintiff,*

vs.

    Case No. 19-01144-EFM

WALMART INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 60) that the Court grant Plaintiff Stephanie Harris's Motion to Strike Defendant's Identification of Comparative Fault (Doc. 52) and deny Defendant Walmart Inc.'s Motion for Leave to Amend (Doc. 55). Walmart filed an objection to the Magistrate Judge's Report and Recommendation (Doc. 64). For the reasons stated below, the Court overrules Walmart's objections and adopts the recommended decision of the Magistrate Judge.

### I.    Factual and Procedural Background

Harris filed this premise liability and personal injury claim after suffering from a slip and fall in a Walmart store in Independence, Kansas on September 16, 2017. Harris claims she slipped in a puddle of water leaking from an exterior door and had significant resulting injuries. Harris

filed this suit on May 31, 2019, and Walmart timely filed its answer and raised the affirmative defense of comparative fault.

A Scheduling Order was entered on September 23, 2019, requiring a Designation of Comparative Fault be submitted by September 30, 2019. Discovery was originally set to close March 2, 2020, but was extended to April 3, 2020. No change to the deadline for comparative fault was made.

On September 30, 2019, Walmart filed its Comparative Fault Designation and indicated discovery may reveal others responsible for the incident with whom it wishes to compare fault. On January 13, 2020, during a deposition by Harris of a Walmart representative, testimony indicated that DH Pace inspected the exterior door, where the leak was, four months before Harris's injury. On April 1, 2020, Walmart amended its Designation of Comparative Fault to include DH Pace as a nonparty with whom Walmart would compare fault. Between the deposition on January 13, 2020, and the amended Designation of Comparative fault on April 1, 2020, discovery progressed as normal with both parties completing further depositions.

Following Walmart's new Designation of Comparative Fault, Harris filed a Motion to Strike Amended Comparative Fault Designation claiming Walmart did not comply with the scheduling order. Walmart then filed a Motion for Leave to Allow the Amended Designation Out of Time claiming its delay was due to excusable neglect, partially on account of the sudden illness of Defense counsel's newborn child. The Magistrate Judge considered the two Motions and recommended Harris's Motion to Strike be granted and Walmart's Motion for Leave be denied. Walmart now objects to the Magistrate Judge's Report and Recommendation.

## II.     Legal Standard

The Court reviews de novo any part of a magistrate judge's disposition on dispositive motions to which parties properly object.[1] Objections must be timely and specific.[2] The court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."[3] To clarify, when a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, that ruling is to be treated as dispositive and thus, reviewed de novo.[4]

## III.     Analysis

Walmart objects to the Magistrate Judge's recommendation of granting Harris's Motion to Strike, denying Walmart's Motion to Leave, and the resulting disallowing of Walmart's Amended Comparative Fault Designation Out of Time. Walmart also objects to the findings of the Magistrate Judge as to three of the four factors of excusable neglect on behalf of Walmart. Walmart does not object to the Magistrate Judge finding on the fourth element—that Walmart did not act in bad faith.

When, as in this case, "an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed

---

[1] Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[2] *See* Fed. R. Civ. P. 72(b)(2) (stating objections must be timely filed within fourteen days of the magistrate judge's issuance of a recommendation); *U.S. v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)) (clarifying sufficiently specific objections enable the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

[3] Fed. R. Civ. P. 72(b)(3).

[4] *Pedra v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (citing *Allende Mut. Ins. Co v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998).

to act because of excusable neglect."[5] Excusable neglect balances the following four factors: (1) danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for delay; and (4) whether the movant acted in bad faith.[6]

## A.     Prejudice to Plaintiff

Walmart argues amending designation of comparative fault would not prejudice Harris because Harris would have been unable to add DH Pace as a party even had the filing been on time. Walmart also argues Harris has "ample time" for additional discovery to occur before the trial date and Harris knew of Walmart's ability to add parties realized in discovery.

Walmart compares this case to *Wheeler v. Numark Indus. Co., Inc.*,[7] where the defendant amended allegations of comparative fault after the deadline to include a chair manufacturer.[8] The Court allowed the amendment because there was time before trial and the defendant had always planned to compare fault with "any entity that may have modified the chair."[9] However, in *Cuiska v. Hallmark Hall of Fame Prod., Inc.*,[10] the defendant could not amend allegations of comparative fault to include the plaintiff's employer.[11] The Court did not allow the amendment because the

---

[5] Fed. R. Civ. P. 6(b)(1)(B).

[6] *Pioneer Ins. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[7] 2006 WL 763664 (D. Kan. 2006).

[8] *Id.* at *6.

[9] *Id.*

[10] 2004 WL 303553 (D. Kan. 2004).

[11] *Id.* at *3.

defendant consistently failed to name the employer as "other parties" for comparing fault, but limited fault to the plaintiff.[12]

While Harris would not have been able to sue DH Pace had Walmart been on time due to the statute of limitations running, she will still face prejudice. Walmart communicated that it planned to compare fault between Walmart, Harris, and the thunderstorm—nothing was communicated to change that expectation, even if there was time before trial.[13]

This case is different from *Wheeler*, because "any entity that may have modified the chair" would clearly include a chair manufacturer. However, Walmart's references to other parties responsible would not immediately put Harris on notice to comparing fault with someone who inspected a door months before the incident. The current case is more like *Cuiska*, where there was knowledge of another party possibly at fault, yet the defendant's failure to include them in comparative fault prejudiced the plaintiff. Similarly, Walmart knew of DH Pace but did not add amend the designation of comparative fault until nearly three months after reporting the knowledge. Additionally, it is reasonable to expect Walmart should have known of the door's maintenance prior to the representative revealing it during the deposition. Thus, like *Cuiska*, allowing Walmart to amend so long after the deadline and so close to the end of discovery would prejudice the Plaintiff, so this factor weighs in Harris's favor.

### B.  Length of Delay and Impact on the Proceedings

Walmart filed its amended designation over six months after it was due and just two days before the close of discovery. Harris argues this delay is significant and impacts the proceedings

---

[12] *Id.*

[13] Even after January 13, 2019, when Walmart was aware of DH Pace's involvement, it did not make the change for almost three months.

because discovery will need to be reopened. However, Walmart contends it would not oppose additional discovery and, by the time of trial, Harris will have known of DH Pace's potential involvement for nearly one year.

The Court concludes that this factor weighs in favor of Harris, as a six-month delay in filing is significant and the requirement to reopen discovery could impact the judicial proceedings. Further, while Harris knew of DH Pace's inspection of the door, she was not aware of Walmart's intent to compare fault with DH Pace, and therefore not aware of a need to do additional discovery on DH Pace's involvement. By waiting until two days before the scheduled close of discovery, Walmart impacted the proceedings through their delayed amendment of comparative fault.

## C.     Reason for Delay

Walmart asserts two reasons for objecting to the Magistrate Judge's finding that the reason for delay weighs in favor of Harris. First, Walmart was not aware of DH Pace's involvement until mid-way through discovery because it works with an "innumerable set of suppliers, vendors, contractors, etc. . ."[14] and was not aware of DH Pace's inspection at the relevant time. Second, the delay was due to Defense counsel's newborn son being hospitalized.

The Court concludes that this factor also weighs in favor of Harris. First, Harris's injury had to do with one specific door and whether it was functioning appropriately—meaning others who dealt with the door could be liable and should be discovered. However, even if the Court concede Walmart's operation is too large for it to have known, Walmart should have amended its comparative fault immediately, significantly before the close of discovery. Second, while the Court sympathizes with the defense counsel for the delay, there were two other attorneys on this

---

[14] Doc. 64.

case and formal discovery managed to progress during this time—without having to wait until two days before discovery closed.

### IV. Conclusion

For the reasons described above, the Court finds three of the four excusable neglect factors weigh in favor of Harris.  Thus, Walmart's amending the Designation of Comparative Fault six months late, and two days before the close of discovery, was not due to excusable neglect. The Court overrules Walmart's objections and adopts the recommended decision of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant's Identification of Comparative Fault (Doc. 52) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Allow Walmart Inc.'s Amended Comparative Fault Designation Out of Time (Doc. 55) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 21st day of July, 2020.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE